Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
Todd Randall

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD RANDALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATE CONSULTING SERVICES INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA")**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///
///

- 1 -
CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff Todd Randall ("Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit for damages resulting from the unlawful actions of Defendant Corporate Consulting Services Inc. ("Defendant" or "CCS"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorneys.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

8. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. The "least sophisticated debtor" standard applies to questions of violations of § 1692f. *Wade v. Regional Credit Association,* 87 F.3d 1098, 1100 (9th Cir. 1996). "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions, LLC,* 499 F.3d 926, 934 (9th Cir. 2007). "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). This objective standard will ensure that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA" or the "Act").

12. Defendant is subject to personal jurisdiction in Nevada, as Defendant conducts business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

CLASS ACTION COMPLAINT

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all the events giving rise to this lawsuit occurred in Nevada within this judicial district, Plaintiff resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendant conducted business within this federal judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Las Vegas, Clark County, Nevada.
15. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
16. Defendant CCS is a debt collection agency incorporated under the laws of the State of Illinois and regularly conducts business in the State of Nevada.
17. Defendant is a debt collection agency and does business in the State of Nevada.
18. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
20. Plaintiff allegedly incurred financial obligations (the "Debt") to an original creditor, Travel Winds Vacation Travel Club (the "Original Creditor") that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, arising from a transaction which was primarily for personal, family, or household purposes; and therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).
21. Sometime thereafter, Defendant claims Plaintiff fell behind in the payment(s) allegedly owed on the Debt.

### *January 5, 2023, Letter from Defendant CCS*

22. On January 5, 2023, Defendant CCS sent Plaintiff a letter stating that Plaintiff allegedly has unresolved debt regarding his TWV membership.
23. CCS did not specify the amount that was owed, only stating that Plaintiff allegedly owed "a significant outstanding balance."
24. CCS failed to provide the required notices, specifically the notices under 15 U.S. § 1692g(a)(1), 1692g(a)(3-5).
25. The January 5, 2023, Letter was the first written correspondence from CCS and failed to meet the 15 U.S. § 1692g(a) notice requirements.
26. Additionally, the January 5, 2023, Letter, failed to inform Plaintiff that the letter was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt, in violation of 15 U.S. § 1692e(11) notice requirements.

### *Plaintiff's February 2, 2023, Letter to Defendant CCS*

27. On February 2, 2023, Plaintiff communicated to CCS about the alleged Debt, asking for the proper legal documents proving the validity of the alleged Debt.

### *February 8, 2023, Letter from Defendant CCS*

28. On February 8, 2023, Defendant CCS sent Plaintiff another letter attempting to collect Debt.
29. The February 8, 2023, letter, was similar to its prior January 5, 2023, letter.
30. Defendant CCS never sent Plaintiff any documents validating the Debt but continued its attempts to collect the Debt in violation of 15 U.S.C. § 1692g(b).
31. Similarly, the February 8, 2023, Letter also failed to inform Plaintiff that the communication was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt, in violation of 15 U.S. § 1692e(11) notice requirements.

32. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(2) by falsely representing the amount and the legal status of the Debt in the various collection communications and documents sent to Plaintiff.

33. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(10) by Defendant's use of various false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

34. Defendant's collections activities and communications above violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts the Debt from Plaintiff.

35. Defendant's collections activities and communications above violated 15 U.S.C. § 1692f(l) because Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

36. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect an alleged debt.

37. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

38. Defendant's collections activities and communications above violated 15 U.S.C. § 1692g(a) because Defendant's initial communication did not provide Plaintiff with the required language per the statute;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Defendant's collections activities and communications above violated 15 U.S. § 1692g(b) because it continued collecting on the Debt without providing Plaintiff any validation of the Debt after Plaintiff had requested it form Defendant.

40. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(11) because it failed to provide the required notices in its communications per the statute;

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

41. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

42. Plaintiff has been misled, suffered mental anguish and emotional distress, inconvenience, frustration, and stress, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the 15 U.S.C. §§ 1692, et seq., including but not limited to each one of the above cited provisions.

44. Defendant's debt collection letter to Plaintiff on January 5, 2023, constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2). Every communication after those letters also constituted a "communication" under 15 U.S.C. § 1692a(2).

45. In Defendant's January 5, 2023, collection communication, Defendant failed to meet the notice requirements required pursuant to 15 U.S.C. § 1692g(a).

46. Defendant's January 5, 2023, collection communication, failed to provide Plaintiff "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" in violation of 15 U.S.C. § 1692g(a)(3).

47. Defendant's January 5, 2023, collection communication, failed to provide Plaintiff and, upon information and belief, the Classes of similarly situated persons "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

48. Defendant's January 5, 2023, collection communication, failed to provide Plaintiff and, upon information and belief, the Classes of similarly situated persons "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" in violation of 15 U.S.C. § 1692g(a)(4).

49. Defendant's January 5, 2023, collection communication, misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(3), (4), and (5).

50. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991).

51. Defendant's collection communications violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

52. Further, each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) failed to provide Plaintiff notice "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector except that this paragraph shall not apply to a formal pleading made in connection with a legal action" in violation of 15 U.S.C. § 1692e(11).

53. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under the FDCPA.

54. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692e(10) by Defendant's use of

false representations and deceptive means in connection with its attempts to collect an alleged debt.

55. Each of Defendant's letters described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

56. As alleged in this Complaint, Defendant engaged in unlawful, deceptive, and abusive collection activity with regard to their attempts to collect an alleged debt from Plaintiff and similarly situated Class members through its conduct and communications similar to those described above. Such conduct constitutes violations of 15 U.S.C. §§ 1692g(a), 1692e, and 1692f of the FDCPA.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

58. Plaintiff represents and intends to certify the Classes defined below:

**Initial Communication Class**
All persons in the United States who were sent an initial written communication substantially similar or identical to Defendant CCS' January 5, 2023 collection communication, in attempt to recover a consumer debt, which was not returned undelivered by the United States Postal Service, within one (1) year prior to the filing of the Complaint in this action.

**Mini-Miranda Notice Class**
All persons in the United States who were sent written communication substantially similar or identical to Defendant CCS' January 5, 2023, collection communication, in attempt to recover a consumer debt, which was not returned undelivered by the United States Postal Service, within one (1) year prior to the filing of the Complaint in this action.

59. Defendant and their employees or agents are excluded from the Class.

60. Plaintiff does not know the exact number of persons in the Class, making joinder of all these actions impracticable.

61. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
62. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    a. Whether Defendant violated the FDCPA as described herein;
    b. Whether members of the Classes are entitled to the remedies under the FDCPA;
    c. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;
63. As a person who received at least one written communication from Defendant in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.
64. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
65. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.
66. A class action is a superior method for the fair and efficient adjudication of this controversy.
67. Class-wide damages are essential to induce Defendant to comply with the federal alleged in the Complaint.
68. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

69. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

## COUNT ONE

## Violation of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692, et seq. (FDCPA)

70. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above- cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

72. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes and Plaintiff's attorneys be appointed as Class Counsel;
- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendant from continuing use of collection communications substantially in the form of the collection communications at issue;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant for Plaintiff and each putative Class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant for Plaintiff and each putative Class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

73. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 3rd day of January 2024.

        Respectfully submitted,

        **KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
    Gustavo Ponce, Esq.
    Mona Amini, Esq.
    6787 W. Tropicana Ave., Ste 250
    Las Vegas, Nevada 89103
    *Attorneys for Plaintiff*

# EXHIBIT A



**Corporate Consulting Services, Inc.**

415 N. State Street
Litchfield, IL 62056

1-833-731-7965

Member #: TW3265PDN

Todd Randall
4434 Hidden Oak Ct
LAS VEGAS, NV 89103
USA

January 5, 2023

In an ongoing measure to ensure members receive the best services, we have performed a review of membership accounts and our records indicate that your Trade Winds Vacations Travel Club account is in serious arrears. The account reflects a significant outstanding balance and multiple attempts to contact you to provide solutions to bring your account current, so that you can continue to take advantage of the valuable benefits of your membership. However, there has been no action taken on your part to date to resolve this

- We have made multiple attempts to offer opportunities to resolve this debt by sending multiple invoices, Weekly Newsletters, Accrual letters, as well as an Audit letter by mail. Yet, your debt continues to go unpaid.

- Attempts to find resolution to this matter that we have made by phone and email offering incentives to settle the outstanding balance, have also been disregarded by you.

- We have maintained our responsibility to ensure your membership benefits are available and provide members with the most current discounts available and continuing to add value to your membership without any cost to you.

All of the services contractually offered to you through your membership are paid for by the annual membership dues. As a result of the review of your account, it is clear the club consistently maintains its obligations, but you continue to neglect yours, all while knowing that your Club account is still open. You have a significant investment in your Club membership, and it is imperative that you contact us directly to further discuss your options to settle or close your membership account.

It is urgent for you to take this opportunity to contact our office Monday through Friday, 8:00 a.m. to 5:00 p.m. CST at 1-833-731-7965.

Sincerely,

Steve Mann
Debt Recovery Manager



**Corporate Consulting Services, Inc.**

415 N. State Street
Litchfield, IL 62056

1-833-731-7965

Todd Randall
4434 Hidden Oak Ct
LAS VEGAS, NV 89103
USA

Member #: TW3265PDN

February 8, 2023

In an ongoing measure to ensure members receive the best services, we have performed a review of membership accounts and our records indicate that your Trade Winds Vacations Travel Club account is in serious arrears. The account reflects a significant outstanding balance and multiple attempts to contact you to provide solutions to bring your account current, so that you can continue to take advantage of the valuable benefits of your membership. However, there has been no action taken on your part to date to resolve this

- We have made multiple attempts to offer opportunities to resolve this debt by sending multiple invoices, Weekly Newsletters, Accrual letters, as well as an Audit letter by mail. Yet, your debt continues to go unpaid.

- Attempts to find resolution to this matter that we have made by phone and email offering incentives to settle the outstanding balance, have also been disregarded by you.

- We have maintained our responsibility to ensure your membership benefits are available and provide members with the most current discounts available and continuing to add value to your membership without any cost to you.

All of the services contractually offered to you through your membership are paid for by the annual membership dues. As a result of the review of your account, it is clear the club consistently maintains its obligations, but you continue to neglect yours, all while knowing that your Club account is still open. You have a significant investment in your Club membership, and it is imperative that you contact us directly to further discuss your options to settle or close your membership account.

It is urgent for you to take this opportunity to contact our office Monday through Friday, 8:00 a.m. to 5:00 p.m. CST at 1-833-731-7965.

Sincerely,

Steve Mann
Debt Recovery Manager